**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALEX MA, | DOCKET NUMBER |
| Appellant, | SF-0353-14-0097-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: September 19, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Nina Paul, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is a Window Clerk at the agency's Plaza Center Station in Ontario, California. Initial Appeal File (IAF), Tab 4 at 19. In June 2006, he suffered a compensable injury. *Id.* at 43. In August 2011, the appellant accepted a limited-duty assignment as a Sales and Service Associate (SSA) for 4 hours a day from 8:30 a.m. to 12:30 p.m. *Id.* at 41. This assignment was consistent with the appellant's medical restrictions, as reflected in his duty status report dated July 15, 2011. IAF, Tab 5 at 10.

¶3      In early 2013, the agency conducted a search for adequate work within the appellant's medical restrictions, and was able to find 4 hours of work in a Clerk position.[2] IAF, Tab 4 at 40. Based on the needs of the service, on October 31, 2013, the agency offered the appellant a limited-duty assignment as an SSA from 12:30 to 16:30 (i.e., 12:30 p.m. to 4:30 p.m.) starting on November 11, 2013,

---

[2] On February 20, 2013, the agency offered the appellant a rehabilitation assignment as a Customer Care Agent in Los Angeles for 8 hours per day. IAF, Tab 4 at 36. The appellant claimed that the position was outside his medical restrictions and rejected the offer. *Id.* at 34.

which involved a schedule change from his previous hours of 8:30 a.m. to 12:30 p.m. *Id.* at 21. The appellant accepted the offer. *Id.* Due to a typographical error, the October 31, 2013 limited duty offer listed total work hours as "8 hours" instead of 4 hours, *id.*; however, this error was corrected the next day when the agency provided the appellant a limited duty offer dated November 1, 2013, for "4HRS." *Id.* at 20. The appellant accepted this offer "under protest." *Id.*

¶4    The appellant then filed this restoration appeal with the Board and requested a hearing. IAF, Tab 1. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 6-14. In response, the appellant asserted that: his medical restrictions allow him to work 8 hours per day; these restrictions have been the same since August 2011; and there are 8 hours of work per day available for him at the Ontario Post Office. IAF, Tab 5 at 4, 6. The appellant alleged that the agency offered him a modified duty assignment for 8 hours per day on October 31, 2013, but then denied him restoration by discontinuing his modified job assignment on November 1, 2013, and mandating that he work only 4 hours per day. *Id.* The appellant also claimed that the agency discriminated against him because he requested reasonable accommodation and because of his age and disabilities. *Id.* at 4.

¶5    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 14, Initial Decision (ID) at 1, 8. The administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency denied him restoration and/or that the agency's actions were arbitrary and capricious. ID at 7. The administrative judge further found that the appellant's claims of disability and age discrimination do not furnish an independent basis for Board jurisdiction. *Id.*

¶6    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response to the petition for review, to which the appellant has replied. PFR File, Tabs 7-8.  analysis

¶7        The Federal Employees' Compensation Act and its implementing regulations at 5 C.F.R. Part 353 provide that federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions.  5 U.S.C. § 8151; *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 9 (2012); *Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 7 (2010), *overruled on other grounds by Latham*, 117 M.S.P.R. 400, ¶ 10.  In the case of a partially-recovered employee, i.e., one who cannot resume the full range of his regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements, an agency must make every effort to restore the individual to a position within his medical restrictions and within the local commuting area.  *Chen*, 114 M.S.P.R. 292, ¶ 7; 5 C.F.R. §§ 353.102, 353.301(d).

¶8        To establish jurisdiction over a restoration appeal as a partially-recovered individual, an appellant must prove by preponderant evidence that:  (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham*, 117 M.S.P.R. 400, ¶ 10.  If the appellant makes nonfrivolous allegations of jurisdiction concerning all four prongs of the jurisdictional standard, he is entitled to a jurisdictional hearing.  *Bledsoe*, 659 F.3d 1097 at 1102, 1104.

¶9        As an initial matter, we note that the administrative judge did not provide the appellant jurisdictional notice during the proceedings below.  *See* IAF, Tab 2.  The administrative judge alluded to this issue in the initial decision, noting that the obligation to afford the appellant explicit information concerning what is required to establish jurisdiction over his appeal may be satisfied where the agency's motion to dismiss informs the appellant of what he has to allege to

establish jurisdiction. ID at 4 (citing *Gonzalez v. U.S. Postal Service*, 77 M.S.P.R. 382, 386 (1998)). The administrative judge found that the agency's motion to dismiss informed the appellant of what he had to prove in order to prevail on the jurisdictional issue, i.e., that he was denied restoration and that the denial was arbitrary and capricious. ID at 4.

¶10    We note, however, that the agency's motion to dismiss provided the appellant incorrect jurisdictional notice. It stated that the Board's jurisdiction is established through nonfrivolous allegations, when, in fact, it is established through proof by preponderant evidence. IAF, Tab 4 at 12; *see Bledsoe*, 659 F.3d at 1104; *Latham* 117 M.S.P.R. 400, ¶ 10. Further, in the initial decision the administrative judge set forth the same incorrect jurisdictional standard as the agency. *Compare* ID at 5, *with* IAF, Tab 4 at 12. Nevertheless, we find that this error does not provide a basis to reverse the initial decision because the appellant's substantive rights were not prejudiced. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984); *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). For the reasons explained below, the appellant's submissions were insufficient to satisfy either standard.[3]

¶11    There is no dispute that the appellant satisfies the first two jurisdictional criteria, i.e., he was absent from his position due to a compensable injury and he recovered sufficiently to return to work in an assignment with less demanding physical requirements. *See* IAF, Tab 4 at 43, Tab 5 at 10. As for the remaining criteria, the administrative judge found that "[t]here is also no credible dispute that the agency offered the appellant, and he accepted[,] a limited duty

---

[3] Although the issue of whether the appellant made a nonfrivolous allegation of Board jurisdiction is relevant only for determining whether he is entitled to a jurisdictional hearing, *see Bledsoe*, 659 F.3d at 1102, 1104, we apply the nonfrivolous standard here to avoid prejudicing the appellant's substantive rights by applying a higher standard of proof than the one of which he received notice, IAF, Tab 4 at 12. However, the appellant was apparently aware of the correct jurisdictional standard inasmuch as he set forth that standard in his response to the agency's motion to dismiss. IAF, Tab 5 at 8.

assignment . . . within his commuting area on August 9, 2011." ID at 6. She further found that "[t]here is also no dispute that the offered position was in keeping with the appellant's documented medical restrictions as prescribed by Dr. [C.H.]." ID at 6. Accordingly, the administrative judge found that the agency did not deny the appellant restoration in connection with the agency's August 2011 limited duty offer. ID at 6.

¶12 The administrative judge then stated that "[t]he issue presented is whether the agency's October 31, 2013 Limited Duty Offer that noted under the heading [Average] Time Spent '8 hours (12:30-16:30)' that was reissued the next day because of a typographical error and was changed under the heading [Average] Time Spent to '4 HRS (12:30-16:30)' was arbitrary and capricious or so unreasonable as to amount to a denial of restoration." ID at 6. The administrative judge found that the agency's correction of a typographical error was not arbitrary and capricious and did not rise to the level of a denial of restoration. ID at 7.

¶13 The administrative judge also found that the agency could only provide work within the medical restrictions as noted in the duty status report provided by the appellant's physician. ID at 7. In that regard, the administrative judge noted that the most current duty status report provided to the agency during the applicable time period—a March 13, 2013 report from Dr. C.H.—identified the same restrictions as the July 2011 duty status report that served as the basis for the August 2011 limited duty offer for 4 hours of work. ID at 7; *see* IAF, Tab 5 at 9, 10. The administrative judge also noted that the August 2011 limited duty offer is the same as the appellant's current limited duty offer with the exception of the time the work is to be performed. ID at 7; IAF, Tab 4 at 20, 41. Therefore, the administrative judge found, the appellant failed to make a nonfrivolous allegation that the agency denied him restoration and/or that the agency's actions were arbitrary and capricious. ID at 7. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 8.

¶14     On review, the appellant argues that the administrative judge erred in finding that he could work only 4 hours per day. PFR File, Tab 3 at 5. More specifically, he reasserts his arguments from below that his medical restrictions allow him to work up to 8 hours per day and that the agency offered him an "8 hour modified job" within his medical restrictions on October 31, 2013, but then "arbitrary [sic] blocked" him from working in that job on November 1, 2013.[4] *Id.* at 6; IAF, Tab 5 at 6. He also reasserts his discrimination claims on review. PFR File, Tab 3 at 5; IAF, Tab 5 at 4.

¶15     Contrary to the appellant's assertion on review, the administrative judge did not find that the appellant could work only 4 hours per day. Rather, as explained above, the administrative judge noted that the most current duty status report provided to the agency identifies the same restrictions as the July 2011 duty status report that served as the basis for the August 2011 limited duty offer for 4 hours of work as an SSA. ID at 7; *see* IAF, Tab 5 at 9, 10. The administrative judge correctly found that the agency could only provide work within the medical restrictions as noted in the duty status report provided by the appellant's physician. ID at 7; *see Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶ 6 (2013) (management has no obligation to allow employees to perform duties that exceed their medical restrictions). The administrative judge also informed the appellant that if he provided medical documentation to support additional hours of work and the agency denied him additional hours, he could file a new restoration appeal.[5] ID at 8.

¶16     The administrative judge also properly rejected the appellant's contention that the agency denied him restoration on November 1, 2013, when it provided

---

[4] The appellant's petition for review is largely the same as portions of his response that he filed to the agency's motion to dismiss. *Compare* PFR File, Tab 3, *with* IAF, Tab 5 at 4, 6.

[5] The Board's records indicate that, as of this writing, the appellant has not filed such an appeal.

the appellant a new limited duty offer that corrected a typographical error in its October 31, 2013 limited duty offer. ID at 7. The agency's mere correction of a typographical error is not a denial of restoration.

¶17 Finally, regarding the appellant's claims of discrimination on the bases of his disability and his age, the Board lacks jurisdiction over such claims per se in the absence of an otherwise appealable action. *See Latham*, 117 M.S.P.R. 400, ¶ 58. However, the administrative judge should have considered the appellant's claims in this regard to the extent that they pertain to the jurisdictional issue. *See id.* We have considered the appellant's allegations of discrimination and find that he has not made a nonfrivolous allegation that the agency's actions were arbitrary and capricious due to prohibited discrimination.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.